# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                                  CASE NO. 6:23-cr-205-JA-LHP

DAINTON STEVE DRUMMOND

## ORDER

This case is before the Court on the Defendant's motion to dismiss the indictment for failure to state an offense (Doc. 25) and the Government's response (Doc. 34). Because Eleventh Circuit caselaw forecloses the Defendant's arguments, the motion must be denied.

The Defendant is charged with possession of a firearm and ammunition by an illegal alien, in violation of 18 U.S.C. § 922(g)(5), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1–2). He challenges the constitutionality of § 922(g) on two grounds: (1) as an unlawful exercise of Congress's Commerce Clause authority and (2) as a violation of the Second Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (*See* Doc. 25). As to the Commerce Clause ground, the Defendant "acknowledges that this Court is bound by prior Eleventh Circuit precedent to deny relief." (*Id.* at 6 n.3). *See, e.g., United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). The Court is similarly bound

as to the Second Amendment ground. *See United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. [The Defendant], by virtue of his felony conviction, falls within such a class."); *United States v. Dubois*, No. 22-10829, 2024 U.S. App. LEXIS 5337, at *15 (11th Cir. Mar. 5, 2024) ("*Bruen* did not abrogate *Rozier*."); *see also United States v. Jimenez-Shilon*, 34 F.4th 1042, 1044 (11th Cir. 2022) (citations omitted) ("[A]s the Supreme Court put it in [*District of Columbia v. Heller*, 554 U.S. 570 (2008)], certain groups of people—even those who might be among 'the people'—may be 'disqualified from' possessing arms without violating the Second Amendment. Based on our 'examination of a variety of legal and other sources' from the Founding era, we hold that illegal aliens are one such group.").

Accordingly, it is **ORDERED** that the motion (Doc. 25) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on March 12, 2024.

         JOHN ANTOON II
         United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Dainton Steve Drummond